# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RODNEY SCHMIDT, *individually, and on behalf of all others similarly situated,* | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 3:23-cv-00377<br>) |
| v. | ) **CLASS-ACTION**<br>) |
| SAFE HOME SECURITY, INC. | )<br>) |
| Defendant. | ) **Jury Trial Demanded**<br>)<br>) |

## CLASS ACTION COMPLAINT

Plaintiff, Rodney Schmidt ("Plaintiff" or "Mr. Schmidt"), on behalf of himself and all others similarly situated, by and through his undersigned attorneys, files this Class-Action Complaint against Defendant Safe Home Security, Inc. ("Defendant" or "Safe Home"). In support thereof, Plaintiff states as follows:

### NATURE OF THE CASE

1. Plaintiff Rodney Schmidt ("Plaintiff" or "Mr. Schmidt") brings this action individually and on behalf of all others similarly situated, seeking damages and any other available legal or equitable remedies resulting from the unlawful actions of Defendant Safe Home. Defendant violated Plaintiff and the putative class-members' rights by placing calls with pre-recorded messages to Plaintiff and the putative class members' cell phones and by by making two or more solicitation calls to class members' residential lines where those members' numbers were registered on the Do Not Call Registry. Those acts and omissions, which are described at length herein, were in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* and the TCPA's corresponding regulations.

## BACKGROUND ON THE TCPA

2. In 1991, after passage with bipartisan support in Congress, President George H.W. Bush signed the TCPA into law, to protect consumers' privacy rights- specifically, the right to be left alone from unwanted telemarketing calls.

3. A leading sponsor of the TCPA described telemarketing "robocalls" the "scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. The TCPA, through the accompanying FCC regulations, 47 C.F.R. § 64.1200(c) *et seq.*, affords special protections for "residential subscribers" who register their phone numbers on the National Do Not Call Registry.

5. Since 2003, persons who register cell phone numbers on the Do Not Call registry have been considered to be "residential subscribers" for the purpose of 227(c)(5) and the Do Not Call registry. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003) ("we will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'")

6. 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) provide that each person who receives more than one call within a 12-month period on their phone, where that called party did not provide express written consent upon a clear and conspicuous disclosure from the telemarketer, after the phone number was registered on the National Do Not Call Registry for more than 31 days is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

7. The TCPA also provides protections for persons who receive prerecorded or artificial voice calls without the caller (or the company acting on the caller's behalf) first obtaining the recipient's prior express written consent to receive such calls. *See* 47 U.S.C. §

PLAINTIFF'S CLASS-ACTION COMPLAINT

227(b)(1); 47 C.F.R. §§ 64.1200(a)(3), (f)(9). The penalty for violating these provisions is $500 per call and up to $1,500 per call placed in willful violation of the TCPA. 47 U.S.C. § 227(b)(3)

8. Decades after the TCPA passed into law, it is still unfortunately the case that "[m]onth after month, unwanted telemarketing calls and texts top the list of consumer complaints received by the [Federal Communications] Commission." Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015).

9. In fact, in 2021 alone, there were over *five million complaints* from Americans to the FTC about unwanted telemarketing calls. Federal Trade Comm'n, *FTC Issues Biennial Report to Congress on the National Do Not Call Registry (*Jan. 5, 2022) *available* at: https://www.ftc.gov/news-events/news/press-releases2022/01/ftc-issues-biennial-report-congress-national-do-not-call-registry.

10. The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

**JURISDICTION AND VENUE**

11. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87

(2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

12. This Court has personal jurisdiction over Defendant, Safe Home, a Connecticut corporation headquartered in the State of Connecticut.

13. Accordingly, personal jurisdiction exists and venue is proper pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

14. Plaintiff, Rodney Schmidt is a natural person who resided in Martinez, Georgia at all times relevant hereto.

15. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

16. Defendant Safe Home is a Connecticut corporation that maintains its headquarters or otherwise valid mailing address at 1125 Middle Street Suite 201, Middletown, Connecticut 06457.

17. Safe Home can be served through its registered agent "Incorp Services, Inc." located at 6 Landmark Square, 4th Floor, Stamford, Connecticut 06901.

18. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. At all times relevant hereto, Plaintiff, Rodney Schmidt owned a cell phone, the number for which was (706) XXX-6193.

21. Plaintiff registered that cell phone number on the Federal Do Not Call Registry on or around June 18, 2021.

22. Plaintiff registered that cell phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls.

23. At all times relevant hereto, Plaintiff used his cell phone primarily for residential purposes.

24. Sometimes in or before March of 2022, Defendant Safe Home, or a party acting on its behalf, commenced its campaign of irritating telemarketing calls to Schmidt's residential cell phone.

25. The calls each contained a robotic and clearly pre-recorded message identifying the calling party as "Smart Home Solutions" and purporting to offer home security systems.

26. Because Schmidt has come to learn that telemarketers in violation of the TCPA often disguise their identities and deny placing unlawful calls, in order to ascertain the true corporate identity of the calling party, Mr. Schmidt stayed on the line in order to engage with live agents.

27. After two or more calls were placed to his residential line, on or around March 11, 2022, Schmidt engaged with the calling party and made an appointment, for investigative purposes.

28. As a result of the appointment made during the March 11, 2022 telemarketing call, on March 14, 2022, an agent named Patrick Yaughn appeared at Schmidt's residence and provided Schmidt with a business card identifying his company as Safe Home Security. A true and correct copy an image of Yaughn's Safe Home business card is copied below:

**Patrick Yaughn**
Life Safety Consultant
tel. (706) 705-9885

**SHS**
Safe Home Security

29. Because the March 11, 2022 call where the appointment was made contained the same pre-recorded messages and identified the calling party as "Smart Home Solutions", Schmidt understands Safe Home to be responsible for the other calls with messages identifying "Smart Home Solutions" and selling home security systems.

30. A non-exhaustive list of Safe Home's unlawful telemarketing calls follows below:

| Date and Time of Call | Calling Party's Number on Caller ID |
|---|---|
| March 9, 2022 at 10:51 am EST | (706) 837-6375 |
| March 11, 2022 at 11:05 am EST | (706) 883-0150 |
| March 11, 2022 at 5:51 pm EST | (931) 994-6848 |
| March 14, 2022 at 10:27 am EST | (931) 994-6848 |

31. Upon information and belief, Defendant placed additional calls beyond those identified in the chart above.

32. Each of the aforementioned calls were "solicitations" by nature and part of a campaign of solicitation calls seeking to .

33. The foregoing acts and omissions were in violation of the TCPA.

PLAINTIFF'S CLASS-ACTION COMPLAINT

## CLASS ALLEGATIONS

34. Plaintiff brings this claim on behalf of a class, pursuant to Federal Rule of Civil Procedure 23.

35. Plaintiff seeks to represent the following class:

> **Pre-Recorded Voice Class:** All persons in the United States: (1) the person's telephone number was on the National Do-Not-Call Registry; (2) the person received two or more calls were on behalf of Safe Home within twelve months; (3) those calls were for the purpose of soliciting products or services of Safe Home from four years prior to the filing of this Complaint through the date a class is certified.

> **Do-Not-Call Registry Class:** All persons in the United States: (1) the person's telephone number was on the National Do-Not-Call Registry; (2) the person received two or more calls were on behalf of Safe Home within twelve months; (3) those calls were for the purpose of soliciting products or services of Safe Home from four years prior to the filing of this Complaint through the date a class is certified.

36. Plaintiff reserves the right to amend or modify the class definitions consistent with the record.

37. The putative class members' identities are readily ascertainable from Defendant's records or records within Defendant's control.

38. Plaintiff's claims are typical of the class members, as all are based on the same facts and legal theories.

39. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

40. This action has been brought, and may properly be maintained, as a class action

pursuant to the provisions of Rule 23 of the Federal Rules Civil Procedure because there is a well-defined community interest in the litigation.

41. Class Members are so numerous and that their individual joinder of all class members is impracticable. There are no likely difficulties to be encountered in managing this case as a class action.

42. Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to the following:

 a. Whether Defendant, or someone operating on its behalf, placed solicitation calls to Plaintiff and the putative class members' residential lines;

 b. Whether Defendant can prevail on its affirmative defense of express written consent, as to Plaintiff and the putative class members;

 c. Whether Defendant's conduct violates 47 U.S.C. § 227(c) and the corresponding rules and regulations implementing the TCPA; and

 d. Whether Plaintiff and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendant's conduct.

43. Plaintiff and the putative class members have claims arising out of Defendant's uniform course of conduct, namely improperly placing solicitation calls to the Plaintiff and the putative class members despite registration on the Do Not Call registry.

44. Plaintiff will fairly and adequately protect the interests of the class members insofar and Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this class action

lawsuit.

45. The class action mechanism is superior to other available means for the fair and efficient adjudication of this case. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgements. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

46. The Defendant is based and headquartered in Connecticut. Accordingly, this District is an appropriate forum in which to adjudicate this dispute.

47. Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Rule 23. Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

**Count I – Unconsented Prerecorded Messages in
Violation of 47 U.S.C. § 227(b)**

48. Schmidt incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

PLAINTIFF'S CLASS-ACTION COMPLAINT

49. The TCPA states, in part:

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using [a] prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . . 47 U.S.C. § 227(b)(1).

50. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

51. The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2).

52. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

53. By placing prerecorded voice calls to the cell phones of Schmidt and the putative class members without first obtaining their prior express written consent, Safe Home violated the TCPA, including, but not limited to 47 U.S.C. § 227(b)(1).

54. The TCPA provides for a private right of action and statutory damages of $500 per violation, and up to $1,500.00 if the violation is determined to be willful. 47 U.S.C. § 227(b)(3).

55. On information and belief, Safe Home placed phone calls to the cell phones of

PLAINTIFF'S CLASS-ACTION COMPLAINT

Schmidt and the putative class members without the recipients' prior express written consent.

56.   On information and belief, Safe Home placed prerecorded voice calls to hundreds if not thousands of wireless telephone numbers.

WHEREFORE Plaintiff Rodney Schmidt, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a.   Enter an order against Safe Home Security, Inc., pursuant to Federal Rule of Civil Procedure 23, certifying this action as a class action and appointing Schmidt as the class representative;

b.   Enter an order appointing Kimmel & Silverman, P.C. and Butsch Roberts & Associates LLC and as class counsel;

c.   Enter judgment in favor of Schmidt and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Safe Home willfully violated section 227(c)(5) of the TCPA;

d.   Enter judgment in favor of Schmidt and the class members Safe Home enjoining Safe Home from placing calls or leaving messages utilizing an automatically generated or pre-recorded voice;

e.   Award Schmidt and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration;

f.   Award Schmidt and the class members all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees; and,

g.   Award Schmidt and the class members such further and other relief the Court deems just and appropriate.

## Count II - Violations of the Federal Do-Not-Call Rules
### 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)

57.   Schmidt incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

58. The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their cell phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

59. The penalty for each call placed in violation of the TCPA's restrictions on calling cell phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

60. In addition, the TCPA allows the Court to enjoin Safe Home's violations of the TCPA's regulations prohibiting calls to cell phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

61. By making calls to the cell phones of Schmidt and the putative class members after their numbers were registered on the National Do Not Call Registry, Safe Home violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

62. Safe Home knew or should have known that Schmidt and the putative class members had their numbers registered on the Do Not Call Registry.

63. Schmidt and the putative class members are entitled to damages of $500.00 per violation for each call made by Safe Home and up to $1,500.00 per violation if the Court finds that Safe Home willfully violated the TCPA.

**Demand for Judgment**

WHEREFORE Plaintiff Rodney Schmidt, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

    a. Enter an order against Defendant Safe Home Security, Inc.,

pursuant to Federal Rule of Civil Procedure 23 *et seq.*, certifying this action as a class action and appointing Schmidt as the class representative;

b. Enter an order appointing Kimmel & Silverman and Butsch Roberts & Associates LLC as counsel for the class;

c. Enter judgment in favor of Schmidt and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Safe Home willfully violated section 227(c)(5) of the TCPA;

d. Enter a judgment in favor of Schmidt and the putative class that enjoins Safe Home from violating the TCPA's regulations prohibiting Safe Home from calling numbers registered on the National Do Not Call Registry;

e. Award Schmidt and the class all expenses of this action, and requiring Safe Home to pay the costs and expenses of class notice and administration; and,

f. Award Schmidt and the class such further and other relief the Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RODNEY SCHMIDT, demands a jury trial in this case.

Respectfully submitted,

Dated: March 27, 2023

By: */s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, ct28597
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: (401) 764-5566
Facsimile: (401) 764-5567
atroccoli@creditlaw.com